An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL FOLEY,
Petitioner,
vs.
DOUGLAS C. GILLESPIE, CLARK
COUNTY SHERIFF; AND CLARK
COUNTY DETENTION CENTER,
Respondents.

No. 64351

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____S.Young_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR EXTRAORDINARY WRIT RELIEF*

This is an original proper person petition for extraordinary relief challenging an order of contempt and seeking petitioner's release from confinement in the Clark County Detention Center.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

SUPREME COURT
OF
NEVADA


(O) 1947A

14-15719

Having considered the petition, answer, supplement, and supporting documents,[1] we conclude that our intervention by extraordinary writ relief is not warranted. *See* NRS 34.160; NRS 34.320; *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner challenges the order holding him in contempt on the basis that it was not signed by a district judge.[2] NRS 425.3844 provides that when no objection to a master's recommendation is filed within ten days, the order is deemed approved by the district court, the clerk of the court can file the recommendation, and the recommendation has the force and effect of an order or decree of the district court. *See* NRS 425.3844(3)(a), (9). Here, petitioner has not demonstrated that he timely objected to the master's recommendation to hold him in contempt. Thus, the order was deemed approved by the

---

[1]We direct the clerk of this court to file petitioner's motion to supplement and certificate of service, provisionally received in this court on December 19, 2013. Having considered petitioner's motion and the opposition thereto, we grant the motion in part and direct the clerk of this court to detach from the motion and file petitioner's supplemental petition and appendix. We, however, deny the motion in part regarding petitioner's request for leave to add additional respondents to this writ petition and to file a reply brief.

[2]To the extent that petitioner challenges the legality of his confinement, NRAP 22 requires that an original petition for a writ of habeas corpus be filed in the district court in the first instance. Moreover, we note that any such challenge may have been rendered moot upon petitioner's release from confinement. *See Ex parte Shepley*, 66 Nev. 33, 41, 202 P.2d 882, 886 (1949) (explaining that a writ of habeas corpus is unavailable unless the petitioner is presently restrained).

district court. Petitioner has therefore not demonstrated that this court's intervention by extraordinary writ relief is warranted. *See Pan*, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Michael Foley
Marquis Aurbach Coffing
Liesl K. Freedman
Eighth District Court Clerk